**JUAN L. ROCHA**
Rocha Law Office
AZ Bar No. 025039
P.O. Box 5965
Mesa, AZ 85211-5965
Tel: (480)855-1759
Fax: (855) 327-4858
jrocha.law@gmail.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Cesar Perez-Barrios,

Defendant.

Case No. 4:21-cr-00944-RM-001

**DEFENDANT'S OBJECTION TO THE PRE-SETNENCE REPORT**

Defendant, Mr. Cesar Perez-Barrios, by and through undersigned counsel, objects to Paragraph 23 of the Pre-Sentence Report.

**Adjustment For Role in the Offense**

The PSR writer assessed Defendant a two-level enhancement for role in the offense under U.S. Sentencing Guideline § 3B1.1(c). PSR ¶ 23. To justify the enhancement, the PSR writer explained that the "defendant directed four individuals as to which weapons to purchase, provided funding to purchase weapons, and instructed them where to transport them. He was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b); therefore, two levels are added." *Id.*

The plea agreement, however, explicitly stipulates that the following guidelines apply to this case:

| | |
|---|---|
| Base Offense Level (§ 2M5.2(a)(2)) | 26 |
| Acceptance (§ 3E1.1(a) and (b) | -3 |
| Total Adjustment Offense Level | 23 |

The plea agreement states that this guideline calculations is appropriate under Federal Rule of Criminal Procedure, Rule 11(c)(1)(C).

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, (1971). A plea agreement is a contract, and the government is held to its literal terms. *United States v. Mondragon*, 228 F.3d 978, 980 (9th Cir. 2000). Requiring the government to strictly comply with the terms of a plea agreement encourages plea bargaining, "an essential component of the administration of justice," *Santobello*, 404 U.S., because it ensures that a defendant gets the benefit of his or her bargain—the presentation of a "united front" to the court. *See United States v. Camarillo–Tello*, 236 F.3d 1024, 1028 (9th Cir.2001).

In this case, the two-level enhancement of role in the offense breaches the Rule 11(c)(1)(C) agreement between the parties. *See Mondragon*, 228 F.3d at 980. The agreement promised Defendant that the government agreed that the guidelines on page two of his plea agreement would be used to calculate his sentence. *See* Dkt. #66 at p. 3, ll 8-24. In other words, this stipulation meant that there would be no enhancement. "The integrity of our judicial system requires that the government strictly comply with its obligations under a plea agreement." *Mondragon*, 228 F.3d at 981. While the PSR writer may disregard the plea agreement, the PSR writer knowing this was a Rule 11(c)(1)(C) plea agreement, never recommended that the Court reject the plea agreement. Whatever the case, the Supreme Court has recognized that a breach of the parties' plea agreement is "undoubtedly a violation of the defendant's rights." *Puckett v. United States*, 556 U.S. 129 (2009).

For the reasons contained in this Memorandum of Points and Authorities, Mr. Salinas asks the court to sustain his objections and recalculate his offense level according to the terms stipulated by the parties in the plea agreement.

RESPECTFULLY SUBMITTED: April 27, 2023

s/ *Juan L. Rocha*
**JUAN L. ROCHA**
Attorney for Defendant

Copy of the foregoing transmitted
by ECF to all parties registered with the court's electronic service system:

Copy mailed to:
Defendant